UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



| | |
|---|---|
| CBEE, L.L.C., | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:04-CV-3446-WBH |
| HWA FONG RUBBER (USA), INC., | |
| Defendant. | |

### ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [28].

### I. BACKGROUND

Defendant, HWA Fong Rubber (USA), Inc. d/b/a Duro Tires & Wheel Corp. (hereinafter "Defendant"), is a privately held Ohio corporation with its principal place of business in Covington, Georgia. Defendant manufactures and sells tires. Prior to October 2004, Defendant operated two facilities, one in Covington, Georgia and one in Springboro, Ohio. Defendant began closing the Ohio facility in late 2004 and shut it down in April 2005. Marshall Lu is Defendant's President; Rahl Smith is the Human Resources Manager; and Jerrold Heffner was an employee at the Springboro facility during the relevant time period and was terminated when the facility closed.

Plaintiff CBEE, L.L.C. (hereinafter "Plaintiff") is a privately held limited liability corporation organized and registered under the laws of Iowa and formerly

owned by Mark Borrell, Stanley Keller and Tom Dellopoulos. Borrell died on January 28, 2004, although he remains designated as Plaintiff's agent for service of process. After his death, Keller and Dellopoulos formed a new company, ST Services, L.L.C. In February 2004, Keller informed Defendant's employee, Jerrold Heffner, that the agreements at issue in this litigation had been assigned to their new company, ST Services, and that Defendant should make all future payments to ST Services.

There are two documents at issue in this case, both signed by Mark Borrell for Plaintiff and Jerrold Heffner for Defendant on May 20, 2003, and July 16, 2003, respectively. The first document, referred to as a "sales agreement," was executed in Springboro, Ohio, and called for commission payments to Plaintiff for sales it secured of Defendant's products. In the absence of a sale, Plaintiff was not entitled to any compensation. The second document is handwritten and calls for Plaintiff to provide Defendant with sales and service of Defendant's products and consulting services on matters including manufacturing and accounting in exchange for monthly payments and other consideration.[1] Specifically, Plaintiff agreed to provide: (1) sales and service of Defendant's product; (2) consultancy agreements for Defendant on "business" matters; and (3) weekly status reports. The handwritten document,

---

[1] This handwritten document, attached to the Complaint in this case, is partially illegible. The documents states that Plaintiff will provide "consultancy agreements for Duro on matters of business including but not limited to manufacturing, accounting & [illegible]."

2

executed at the Covington, Georgia, facility, called for Defendant to: (1) pay Mark Borrell and Stanley Keller a bi-monthly "payroll" benefit of $200.00 each; (2) provide these two individuals with health benefits; and (3) pay Plaintiff a monthly consulting fee of $8,600.00, along with reasonable office and travel expenses.[2]  Defendant thereafter paid Plaintiff $1,587.58 as commission on or around January 7, 2004, representing sales by Plaintiff from the period of June 25, 2003, through September 24, 2003.

Plaintiff filed the present case alleging breach of contract on August 13, 2004, in the District Court for Tulsa County in the State of Oklahoma.  With no detail, Plaintiff alleges simply that it has performed as required by the terms of both agreements, that Defendant failed to pay Plaintiff in accordance with the terms of those agreements, and that Plaintiff is owed $127,300.00 as of August 1, 2004.  Defendant removed the case to federal court in Oklahoma and then filed an unopposed motion to transfer venue to the Northern District of Georgia.[3]

## II. DISCUSSION

Defendant submits numerous arguments in support of its motion for summary

---

[2] Plaintiff is not claiming damages related to "payroll benefits," health care coverage or travel/office expenses.

[3] The parties agree that this case should be resolved according to the laws of the State of Georgia.

3

judgment, one of which challenges the Court's subject matter jurisdiction in this matter. Therefore, before considering any other arguments relevant to Defendant's motion, the Court first considers the issue of subject matter jurisdiction.

### *Subject Matter Jurisdiction*

Defendant argues that even assuming these two documents are both valid and enforceable contracts, which Defendant disputes, the Court is nevertheless without subject matter jurisdiction. According to Defendant, under the facts as alleged by Plaintiff, it cannot demonstrate any performance or attempted performance under the terms of either agreement after October 2003 and, therefore, Plaintiff cannot satisfy the amount in controversy requirement for diversity jurisdiction. Plaintiff responds that it has submitted evidence of efforts to sell Defendant's product after November 2003, and cites the Court to the affidavits of Thomas Dellopoulos and Stanley Keller in support of this assertion.

Federal courts have limited subject matter jurisdiction and are vested with the power to decide only certain types of cases. Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1261 (11th Cir. 2000). "[A] federal court must inquire *sua sponte* into the issue whenever it appears that jurisdiction may be lacking." Id. This case is premised upon diversity jurisdiction. Pursuant to 28 U.S.C. § 1332(a)(1), federal courts have jurisdiction over any civil claim when: (1) the parties are "citizens of different states"

and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs. When relying on this basis for jurisdiction, "the court is obligated to assure itself that the case involves the requisite amount in controversy." Morrison, 228 F.3d at 1261 (relying on Merticare, Inc. v. St. Paul Mercury, Ins. Co., 166 F.3d 214, 218 (3d Cir. 1999) ("[I]f it develops that the requisite amount in controversy was never present, even if that fact is not established until the case is on appeal, the judgment of the district court cannot stand.")).

In a breach of contract action under Georgia law, the measure of damages is "the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it entailed. In other words, the person injured, is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been in had the contract been performed." Broadcast Concepts, Inc. v. Optimus Financial Services, LLC, 274 Ga. App. 632, 635, 618 S.E.2d 612, 615 (Ga. App. 2005).

In the complaint, Plaintiff alleges damages in the amount of $127,300.00. The evidence in the case, however, does not support a claim for this amount. Plaintiff is claiming damages for unpaid commissions pursuant to the "sales agreement" dated May 20, 2003, and for unpaid consulting fees of $8,600.00 per month based on the handwritten document dated July 17, 2003. The "sales agreement" states that either party may dissolve the agreement with a 30-day written notice to either party. The

5

handwritten document does not provide any language concerning termination.

In response to Defendant's motion for summary judgment, Plaintiff submits affidavits from Thomas Dellopoulos and Stanley Keller. These two individuals aver in their affidavits that Mark Borrell, Tom Dellopoulos and Jerrold Heffner visited a potential customer, Sam Holt, in October 2003. As a result of this visit, Plaintiffs contend that Defendant owes Plaintiff $6,238.05 for unpaid commissions from the sale of Defendant's product to Mr. Sam Holt. (Keller Aff. ¶ 6); (Dellopoulos Aff. ¶ 6). Also in October 2003, Mr. Dellopoulos states in his affidavit that Jerrold Heffner visited him and Mark Borrell in Des Moines, Iowa, during which time the three men discussed Defendant's products and when Plaintiff could expect payment and health benefits pursuant to the terms of the agreements. (Dellopoulos Aff. ¶ 13-15). Construing Plaintiff's evidence in its favor, the Court finds that Plaintiff has submitted some evidence of performance or attempted performance under the handwritten document through October 2003. Plaintiff has also submitted evidence in support of its claim that Defendant owes Plaintiff commission payments in the amount of $6,238.05. While the affiants also report problems Defendant encountered with supplying enough products to two customers in late 2003 through April of 2004, neither individual states that Plaintiff provided any services to Defendant in connection with those problems. (Dellopoulos Aff. ¶ 16); (Keller Aff. ¶ 13). Therefore, even accepting Plaintiff's evidence as true at this stage of the litigation, the

Court finds the amount in controversy is not satisfied in this case. Specifically, Plaintiff has submitted evidence of $ 6,238.05 in possible past due commissions and approximately three and one-half months of either performance or attempted performance under the handwritten agreement providing for a consulting fee of $8,600.00 per month, bringing the total to $36,338.05, an amount far less than the requisite $ 75,000.00 amount in controversy.[4] The Court recognizes that in this Circuit, "attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 n.4 (11th Cir. 2003). Plaintiff seeks to recover attorneys' fees in his complaint, and Georgia provides that such fees are recoverable only when Defendant acts with bad faith or is stubbornly litigious. Ga. Code Ann. § 13-6-11. The evidence submitted presently in this case, however, would not support a claim for fees because "[a] recovery of OCGA §13-6-11 attorney's fees in a contract action must be based upon evidence which shows *more* than the mere breach of a contract." Pulte Home Corp. v. Woodland Nursery & Landscapes, Inc., 230 Ga. App. 455, 458, 496 S.E.2d 546, 550 (1998) (internal quotations omitted) (emphasis in the original).[5]

---

[4] In making this observation, the Court makes no conclusion about the credibility or strength of Plaintiff's evidence and notes for the record that Defendant submits contradictory evidence in support of its position that Plaintiff never performed under the terms of the handwritten agreement and that Defendant has paid Plaintiff all commissions owed under the terms of the "sales agreement."

[5] Furthermore, even assuming Plaintiff could satisfy the elements of this statute, the Court would in all likelihood not permit a recovery of attorneys' fees in excess of $35,000 for this simple contract dispute that generated very little discovery.

Therefore, after giving Plaintiff every benefit of the doubt, the Court finds as a matter of law that the claim for relief in this case does not satisfy the requisite amount in controversy of $75,000.00 and, consequently, this case must be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.[6]

## CONCLUSION

For the reasons stated herein, the Court finds that it is without subject matter jurisdiction and this case is DISMISSED WITHOUT PREJUDICE. Defendant's Motion for Summary Judgment [28] is DENIED AS MOOT.

It is so ORDERED this 17 day of February, 2006.

_____
Willis B. Hunt, Jr.
Judge, United States District Court

---

[6] The Court notes that the statute of limitations in a breach of contract action under Georgia law is six years. Ga. Code Ann. § 9-3-24.

8